IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cadence Bank, N.A., | ) Civil Action No.: 4:10-cv-2717-RBH |
|     Plaintiff, | ) |
| v. | ) |
| Horry Properties, LLC, a South Carolina Limited Liability Company; M&M Builders, LLC of OD, a South Carolina Limited Liability Company; Arthur F. McLean, Jr., | ) **ORDER** |
|     Defendants. | ) |

This matter is before the Court upon Defendants' Motion to Alter or Amend this Court's Judgment, entered on April 3, 2012, pursuant to Federal Rule of Civil Procedure 59. For the forgoing reasons, Defendants' Motion is Denied.

**Background**

This lawsuit was an attempt by Plaintiff Cadence Bank, N.A. ("Cadence Bank") to set aside a fraudulent conveyance of a parcel of property and assignment of two leases associated with the property between Defendant Horry Properties, LLC ("Horry Properties") and Defendant M&M Builders, LLC of OD ("M&M Builders"), which were both controlled by Defendant Arthur F. McLean ("Mr. McLean"). Cadence Bank also sought to disregard the corporate forms of Horry Properties and M&M Builders, arguing that Mr. McLean had abused the corporate form to such an extent and degree that principles of equity and fairness required the corporate veil to be pierced as to both entities.

Following a bench trial held on January 30, 2012, the Court entered Findings of Fact, Conclusions of Law, and an Order finding in favor of Cadence Bank on its claim that Horry

Properties fraudulently transferred certain property and assigned leases associated with that property to M&M Builders, and set aside the challenged transfer and assignments[1] as utterly void. [*See* Order, Doc. # 63, at 38–39.] However, the Court found in favor of Defendants on Cadence Bank's claim to pierce the corporate veils of Horry Properties and M&M Builders, and refused to disregard the corporate forms of either Horry Properties or M&M Builders. [*Id.*]

On May 1, 2012, Defendants filed the Motion at issue. Defendants ask this Court to alter or amend the Court's Order, filed April 2, 2012, and with Judgment entered on April 3, 2012. [Defs.' Mot., Doc. #66, at 1–2.]

## **Standard of Review**

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Nelson v. Sam's Club*, No. 4:10–3020–RBH, 2011 WL 2559548 at *1 (D.S.C. June 28, 2012) (quoting 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.)); *see also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.").

"The Fourth Circuit has held [that a Rule 59(e)] motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or

---

[1] Specifically, the Court set aside: (1) the General Warranty Deed executed by Horry Properties,
LLC in favor of M&M Builders, LLC of OD on August 8, 2008 [*see* CBE 1], and recorded in Deed Book 3356, Page 2689 of the Horry County Register of Deeds; and (2) the Assignment of Leases executed by Horry Properties, LLC in favor of M&M Builders, LLC of OD on August 22, 2008 [*see* CBE 9], and recorded in Deed Book 3409, Page 2482. [*See* Findings of Fact, Doc. # 63, at 39.]

2

(3) 'to correct a *clear error of law* or prevent manifest injustice.' " *Id*. (emphasis in original) (quoting *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994)); *see also Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Nelson*, 2011 WL 2559548 at *1 (citing *Tran v. Tran*, 166 F.Supp.2d 793, 798 (S.D.N.Y. 2001)).

**Discussion**

Defendants' Motion and Memorandum in Support make four brief points and contain only two paragraphs of argument. Defendants do not, however, point to a change in controlling law, submit new evidence, or allege a "clear error" of law or manifest injustice. [Defs.' Mot., Doc. # 66, at 1, Doc. # 66-1, at 1–2.] While Defendants appear to attack this Court's factual findings, they have made an insufficient showing under the applicable standard.

Nonetheless, out of an abundance of caution, the Court will address the bases of Defendants' Motion.

First, Defendants attempt to argue that upon transfer of the property and assignment of the associated leases, Horry Properties received the value of the property and a guaranty from M&M Builders. [*See* Defs.' Mot., Doc. # 66, at 1, Doc. #66-1, at 1–2.] Defendants contend the transfer was not fraudulent because this was "the only evidence" surrounding the conveyances at issue. [*Id*.] In its April 2, 2012, Order, the Court agreed that there was "some" consideration paid by M&M Builders to Horry Properties, but the Court also discussed the inadequacy of that consideration. [*See* Order, Doc. # 63, at ¶¶ 49–51, 62–64.] Defendants also overlook the vast evidence of other

3

wrongdoing throughout this case. There were numerous badges of fraud surrounding the transaction, including heavy indebtedness on the part of Horry Properties, pendency of litigation, a close relationship between the parties, and a lack of credibility on the part of Mr. McLean. [*Id.* at ¶¶ 53–70.]

Second, Defendants contend in their Motion, as they did at trial, that at the time of the transfer Horry Properties had sufficient assets to pay its debt to Cadence Bank. [*See* Defs.' Mot., Doc. # 66, at 1, Doc. #66-1, at 1–2.] This Court has extensively rejected this argument, holding that the evidence directly contradicted this assertion, and pointing out that by Mr. McLean's own testimony, the challenged transfers placed Horry Properties in the position of owing debts that were greater than even the highest appraised value of its only remaining assets. [*See* Order, Doc. # 63, at ¶¶ 53–58.]

Defendants also contend that at the time of the challenged conveyances, Mr. McLean was subject to a personal guaranty to Cadence Bank. [*See* Defs.' Mot., Doc. # 66, at 1, Doc. #66-1, at 1–2.] It appears Defendants are arguing that because Mr. McLean had personally guaranteed[2] the loan from Cadence Bank to Horry Properties, it was reasonable to assume that assets[3] were available, by way of that personal guaranty, to pay off Cadence Bank even after the conveyances at issue. [*Id.*] The existence of Mr. McLean's personal guaranty at the time of the challenged transfers does nothing to change this Court's analysis. The fact that Mr. McLean signed a personal guaranty, or that Cadence Bank did not get a deficiency judgment against Mr. McLean, does not

---

[2] Some time after the challenged conveyances, Cadence Bank dismissed, with prejudice, its action to proceed on the personal guaranty. [*See* Order, Doc. # 63, at ¶ 26.]

[3] The primary evidence in the record regarding Mr. McLean's personal assets in 2008 is a financial statement prepared by Mr. McLean himself, who the Court has held was not credible. [*See* Cadence Bank Exhibit 57.]

render the transfer of Horry Properties' remaining viable asset to M&M Builders non-fraudulent. Many badges of fraud were present here. [*See* Order, Doc. # 63, at ¶¶ 53–70.]

Third, Defendants argue that Cadence Bank offered only "as is" or "quick sale" appraisal values, and did not address the true fair market value of the properties securing the debt. [*See* Defs.' Mot., Doc. # 66, at 1, Doc. #66-1, at 1–2.] This argument rehashes issues already decided by this Court, which Defendants may not do.[4] *See Nelson*, 2011 WL 2559548 at *1. Moreover, Defendants are flatly incorrect. In its April 2, 2012, Order, this Court expressly noted that an "as-is," or "quick sale," value was different from a property's fair market value. [*See* Order, Doc. # 63, at ¶ 33 n.7.] After noting this distinction, the Court looked to the fair market values of the properties securing the debt and made a factual finding that "the actual *fair market value* of the property received by Cadence Bank following the foreclosure sale . . . did not exceed the amount of Horry Properties' . . . debt to Cadence Bank." [*Id.* at ¶ 40 (emphasis added).]

Fourth, Defendants argue that the transfer of a promissory note from Horry Properties to Mr. McLean individually was neither a fraudulent transfer nor otherwise improper. [*See* Defs.' Mot., Doc. # 66, at 1, Doc. #66-1, at 1–2.] The promissory note at issue was initially given from M&M

---

4    In their Motion, Defendants argue that Cadence Bank "only offered as is or quick sale appraisals while the North Carolina Statute speaks to the true value of the property." [Defs.' Mot., Doc. # 66-1, at 2.] To the extent Defendants are taking issue with the deficiency judgment previously obtained in North Carolina, the Court agrees with Cadence Bank that Defendants' argument is "an untimely collateral attack on the federal court action to establish the deficiency from the North Carolina foreclosure sale. The North Carolina Anti-deficiency Statute referenced by the Defendants allows the mortgagor to prove reasonable value by way of defense in a deficiency lawsuit. [Defendants] missed their opportunity to prove reasonable value as a defense under N.C.G.S. 45-21.36 when they made the strategic decision to take a default judgment against Horry Properties, LLC in favor of Cadence Bank rather than respond to the federal lawsuit. Defendants cannot challenge the existing default judgment by arguing at this late date that the deficiency is not based on the reasonable value of the foreclosed property." [Pl.'s Resp., Doc. # 75, at 4.]

Builders to Horry Properties as partial consideration for the challenged conveyances at issue. [*See* Order, Doc. # 63, at ¶ 64.] A short time later, Mr. McLean, controlling agent of M&M Builders and acting in his capacity as Horry Properties' sole member, assigned the M&M Note to himself, individually. [*Id*.] As this Court has discussed, given Horry Properties' heavy indebtedness, the pending foreclosure litigation, and Mr. McLean's control over Horry Properties and M&M Builders, the assignment was properly viewed as a badge of fraud. [*Id*. at ¶ 45, 64, 70.]

## Conclusion

Having thoroughly reviewed Defendants' Motion and the record in this case, this Court determines its prior decision was, and is, correct as a matter of law. The extraordinary remedy of granting reconsideration is inappropriate in this case.

Based on the foregoing, it is **ORDERED** that Defendants' Motion to Alter or Amend this Court's Judgment [Doc. # 66] is DENIED.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
July 17, 2012