IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Cadence Bank, N.A., | ) | Civil Action No.: 4:10-cv-2717-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Horry Properties, LLC, a South Carolina | ) | |
| Limited Liability Company; M&M | ) | **ORDER** |
| Builders, LLC of OD, a South Carolina | ) | |
| Limited Liability Company; Arthur F. | ) | |
| McLean, Jr., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Horry County State Bank's ("HCSB's") Motion to Alter or Amend this Court's Judgment, entered on April 3, 2012, or in the alternative, to Intervene in the above-captioned case. For the forgoing reasons, HCSB's Motion is Denied.

**Background**

The lawsuit at issue was an attempt by Plaintiff Cadence Bank, N.A. ("Cadence Bank") to set aside the fraudulent conveyance of a parcel of property and assignment of two leases associated with the property between Defendant Horry Properties, LLC ("Horry Properties") and Defendant M&M Builders, LLC of OD ("M&M Builders"), which were both controlled by Defendant Arthur F. McLean ("Mr. McLean"). Cadence Bank also sought to disregard the corporate forms of Horry Properties and M&M Builders, arguing that Mr. McLean had abused the corporate form to such an extent and degree that principles of equity and fairness required the corporate veil to be pierced as to both entities.

Sometime after the challenged conveyances were made to M&M Builders, HCSB made a loan to M&M Builders that was secured by a mortgage encumbering the property fraudulently

conveyed to M&M Builders from Horry Properties. [*See* HCSB's Mot., Doc. # 69, at 2.] Cadence Bank initially named HCSB as a defendant in this action, and requested that the Court either (a) set aside the HCSB mortgage; or (b) determine that the HCSB mortgage was subject and subordinate to the deficiency judgment obtained by Horry Properties. [*See* Pl.'s Compl., Doc. # 1, at ¶ 31.] However, on November 18, 2010, as a result of an agreement reached between Cadence Bank and HCSB, Cadence Bank consented to the dismissal, without prejudice, of HCSB from this case. [Stipulation of Dismissal, Doc. # 17; HCSB's Mot., Doc. # 69, at 2 n.2.]

Following a bench trial held on January 30, 2012, the Court entered Findings of Fact, Conclusions of Law, and an Order finding in favor of Cadence Bank on its claim that Horry Properties fraudulently transferred certain property and assigned leases associated with that property to M&M Builders, and set aside the challenged transfer and assignments[1] as utterly void. [*See* Order, Doc. # 63, at 38–39.] However, the Court found in favor of Defendants on Cadence Bank's claim to pierce the corporate veils of Horry Properties and M&M Builders, and refused to disregard the corporate forms of either Horry Properties or M&M Builders. [*Id*.]

On May 1, 2012, HCSB filed the Motion at issue. HCSB asks this Court to alter or amend the Court's Order, filed April 2, 2012, and with Judgment entered on April 3, 2012, to establish the priority of the HCSB Mortgage, or to make a finding that the Court's April 2, 2012, Order should not be construed or as an impairment of the validity or priority of the HCSB mortgage. [HCSB's

---

[1]  Specifically, the Court set aside: (1) the General Warranty Deed executed by Horry Properties,
LLC in favor of M&M Builders, LLC of OD on August 8, 2008 [*see* CBE 1], and recorded in Deed Book 3356, Page 2689 of the Horry County Register of Deeds; and (2) the Assignment of Leases executed by Horry Properties, LLC in favor of M&M Builders, LLC of OD on August 22, 2008 [*see* CBE 9], and recorded in Deed Book 3409, Page 2482. [*See* Findings of Fact, Doc. # 63, at 39.]

Mot., Doc. # 69, at 5.] In the alternative, HCSB seeks leave to intervene in the current action in order to present evidence as to the validity and priority of the HCSB mortgage. [*Id.*]

## **Standard of Review**

HCSB is not a party to the underlying proceeding. Therefore, before this Court can consider HCSB's Motion to Amend pursuant to Rule 59(e), it must first determine whether HCSB should be permitted to intervene pursuant to Rule 24(a). "For a [non-party] to file a Rule 59 motion, this Court would have to grant their Rule 24(a) motion" to intervene . . . ." *In re Lease Oil Antitrust Litig. (No. II)*, MDL No. 1206, 2008 WL 356505, at *2 (S.D. Tex. Jan. 30, 2008) (internal citations and quotation marks omitted); *see also Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 208 (4th Cir. 2006) (explaining that "would-be plaintiffs' motion for reconsideration, when understood as being filed by nonparties, essentially requests that they be made parties to the action"); *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (noting that a non-party cannot file a Rule 59(e) motion, and finding that rule inapplicable in the case before the court because the 59(e) motion under consideration had been filed by a party ); *Simpson v. Columbus S. Power Co.*, No. 99-3250, 2000 WL 420679, *2 (6th Cir. April 11, 2000) (noting the district court's denial of a Rule 59(e) motion, on the grounds that a "nonparty . . . did not have standing to bring a Rule 59 motion to amend the judgment"); *Katz v. Berisford Int'l PLC*, No. 96 CIV. 8695, 2000 WL 1760965, *2 (S.D.N.Y. Nov. 30, 2000) (noting that "[i]ntervenors are not yet 'parties' to the case); *In re NASDAQ Market-Makers Antitrust Litig.*, 184 F.R.D. 506, 511 (S.D.N.Y. 1999) ("Therefore, Genins, having been denied intervention, has no standing to bring a Rule 59(e) motion."); *Scutieri v. Estate of Revitz*, 829 F.Supp. 387, 390 (S.D. Fla . 1993) (finding that a non-party would not be able to bring a Rule 59(e) motion, since Rule 59 refers only to "parties").

Federal Rule of Civil Procedure 24(a)(2) allows intervention of right when:

> [upon timely motion, a party] claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Accordingly, applicants seeking to intervene as matter of right must meet the following four requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation. *See* Fed. R. Civ. P. 24(a)(2); *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981). The district court is " 'entitled to the full range of . . . discretion in determining whether [the requirements of Rule 24(a)(2) ] have been met.' " *Virginia v. Westinghouse Elec. Co.*, 542 F.2d 214, 216 (4th Cir. 1976) (quoting *Rios v. Enter. Ass'n Steamfitters, Local 638*, 520 F.2d 352, 355 (2d Cir. 1975)).

### **Discussion**

Assuming, *arguendo*, that HCSB has an interest in the subject matter and HCSB's interest is not adequately represented by the existing parties, HCSB's Motion to Intervene must still be denied because denial of the Motion would not impede HCSB's ability to protect its interest, and the Motion is untimely.

First, denial of the Motion to Intervene would not impair or impede HSBC's ability to protect its interest. HSBC seeks to intervene in order to argue that this Court's April 2, 2012, Order did not impair the validity or priority of the HCSB mortgage. [HCSB's Mot., Doc. # 69, at 2.] However, this Court noted HCSB's dismissal in its Order, the issues regarding mortgage priority were never

briefed or argued before this Court, and this Court made no finding regarding the validity or priority of the HCSB mortgage. [*See* Order, Doc. # 63, at 1–39.] Thus, denying the Motion to Intervene could not impede HSBC's ability to protect its mortgage priority as mortgage priority was simply not an issue in the above-captioned case.

Second, the Motion is plainly untimely. The Fourth Circuit has flatly held that "[i]f a motion to intervene is untimely, it '*must be denied.*'" *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 169 (4th Cir. 2001) (emphasis added); *see also Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir.1989), *cert. denied*, 493 U.S. 1058 (1990) ("This Circuit has stressed the importance of timeliness and the wide discretion afforded the district courts.")

HCSB was aware of this lawsuit long before filing the Motion to Intervene. It agreed nearly two years ago to be dismissed from this case, and has filed nothing in the case since. [*See* HCSB's Mot., Doc. # 69, at 2 n.2]; *see also FMC Corp. v. Keizer Equipment Co.*, 433 F.2d 654 656–57 (6th Cir. 1970) (holding that where counsel of attempted intervenor had been aware of progress of litigation, the trial judge did not abuse discretion in denying motion to intervene which was not filed until trial was substantially completed). HCSB has offered no reasonable explanation for its considerable delay in seeking to intervene. To the extent HCSB contends Cadence Bank breached an agreement with it regarding mortgage priority, that is an issue properly decided in a seperate action brought under the agreement, or in a state action determining priority under the mortgage.

In addition to waiting almost two years after dismissal to file its Motion, HCSB also waited until the litigation had concluded, and this Court had entered a final order, before seeking to intervene. It is well-settled law that "intervention presupposes pendency of an action. . . ." *Black v. Central Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974); *see also Fuller v. Volk*, 351 F.2d 323,

328 (3d Cir. 1965) (stating that intervention is ancillary to the underlying cause of action and "will not be permitted to breathe life into a 'nonexistent' lawsuit").

Given HCSB's failure to meet the requirements imposed upon applicants seeking to intervene as matter of right,[2] this Court must deny the Motion to Intervene. That HCSB is not a party means this Court need not decide the propriety of HCSB's Motion to Amend pursuant to Rule 59(e). *See In re Lease Oil Antitrust Litig. (No. II)*, 2008 WL 356505 at *2. Nonetheless, as discussed above, the Court notes that its April 2, 2012, Order made no finding related to HCSB's mortgage. Further, Cadence Bank has filed a Response to HCSB's Motion contending that HCSB holds a valid mortgage and that HCSB "has first priority . . . ." [Pl.'s Resp., Doc. #74, at 1–2.] Thus, it appears that the sole reason for HCSB's Motion is now moot.

## Conclusion

Based on the foregoing, it is **ORDERED** that Defendants' Motion to Alter or Amend, or in the Alternative, to Intervene [Doc. # 69] is DENIED.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
July 17, 2012

---

[2] HCSB did not seek permissive intervention pursuant to Rule 24(b). However, permissive intervention also requires a timely application. Fed. R. Civ. P. (b)(1).